# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SFR SERVICES, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:18-cv-1900-WTL-DLP |
| MICHAEL CLARK, et al., | ) |
| Defendants. | ) |

## ENTRY REGARDING DAMAGES

Entry of default was made by the Clerk against each of the Defendants in this case on August 14, 2018. *See* Dkt. Nos. 15, 16, 17, and 18. The Plaintiff now seeks default judgment against the following Defendants: Michael Clark; RSACR Holdings, LLC; and Remodeling Services & Complete Construction, Inc.[1] The Court held a damages hearing on June 24, 2019, at which the Plaintiff appeared, by counsel. The Court reporter was Cathy Jones. The Court, being duly advised, rules as follows.

## I. FACTS

The allegations in the Complaint are as follow.

Defendant Michael Clark controls each of the other Defendants. In or around August 2017, the Defendants traveled to Florida "in anticipation of collecting disaster relief funds under the guise of offering repair and remediation services to Florida residents after Hurricane Irma." Dkt. No. 1 at 3. The Defendants solicited storm restoration jobs from homeowners and received

---

[1] The claims against Defendant Remodeling Services and Complete Restoration, Inc., are subject to an automatic bankruptcy stay; accordingly, the Plaintiff does not seek judgment against it at this time.

over one million dollars of relief funds in exchange for their promise to perform these jobs. However, the Defendants performed little, if any, of the work, leading to over thirty homeowners lodging complaints against them for unfair practices.

As part of their scheme, the Defendants solicited the Plaintiff to work as a roofing repair subcontractor. The parties entered into a contract pursuant to which the Defendants promised that they would pay the Plaintiff an amount equal to the replacement cost value, as determined by the applicable insurance, for each roof repaired or replaced by the Plaintiff. The Defendants agreed to open a joint checking account at JP Morgan Chase Bank, NA (the "Joint Account") and deposit funds into that account for every project for which Defendants were retained to repair hurricane damage.

Pursuant to the contract, the Plaintiff completed three roofing projects in Marco Island, Florida. The Defendants received payment for the three projects but did not deposit the funds in the Joint Account as required by the Contract and did not pay the Plaintiff for its work.

## II. **DISCUSSION**

The Plaintiff asserts claims for breach of contract, promissory estoppel, unjust enrichment, criminal conversion, including a claim for treble damages, costs, and fees pursuant to Indiana Code § 34-24-3-1[2] (the Indiana Crime Victims Act), and fraud.

By operation of the entry of default, all of the allegations in the Complaint relating to the Defendants' liability are conclusively established. *Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014). "The defaulting party cannot contest the fact of his liability unless the entry of

---

[2]The Complaint contains a scriveners error when citing to the statute, but it is clear from the context that it is referring to the Indiana Crime Victims Act.

default is vacated under Rule 55(c)." *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (citing 10 James W.M. Moore et al., Moore's Federal Practice § 55.32[1][a] (3d ed. 2013) ("The effect of an entry of default, if not set aside, is to establish the liability of the defaulting party as a basis for default judgment. After defaulting, a party has no right to dispute the issue of liability.")). However, the Plaintiff is "still required to establish [its] entitlement to damages based upon [its] actual injury or loss suffered." *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

At the damages hearing, the Plaintiff established that it was entitled to be paid $189,939.92 for the work it performed for the Defendants. The Plaintiff further requests treble damages, costs, and attorney fees pursuant to the Indiana Crime Victims Act, which the Court finds to be applicable in light of the fact that the Plaintiff has established, by means of obtaining an entry of default, that the Defendants are liable to it for conversion and that it suffered pecuniary loss as a result. *See* Ind. Code § 34-24-3-1 (providing for up to three times actual damages, reasonable attorney fees, and costs for "pecuniary loss as a result of a violation of," inter alia, "IC 35-43," which includes criminal conversion). The Court finds that treble damages are appropriate given the nature of the Defendants' actions and the fact that they received the funds from the homeowners and/or their insurance companies but failed to use those funds to pay the Plaintiff for its work.

With regard to the award of attorney fees and costs, the Court finds that the amounts requested by the Plaintiff, $16,040.25 in fees and $488 in costs, are reasonable. Specifically, the Court has reviewed the affidavit of counsel and billing records submitted and finds that the hourly rates and number of hours billed are reasonable and that the costs sought—the filing fee and process server fees—are recoverable.

For the reasons set forth above, the Court finds that default judgment in the amount of $586,348.01 against Defendants Michael Clark, RSACR Holdings, LLC, and Remodeling Services & Complete Construction, Inc., is appropriate. This includes actual damages of $189,939.92, exemplary damages under the Indiana Crime Victims Act in the amount of $379,879.84, attorney fees in the amount of $16,040.25, and costs in the amount of $488.00. The Court finds that there is no just reason for delay, and therefore will enter judgment against these Defendants pursuant to Federal Rule of Civil Procedure 54(b).

This case shall continue against Defendant Remodeling Services & Complete Restoration, Inc., but shall be **STAYED** pending the lifting of the bankruptcy stay. The Plaintiff shall promptly notify the Court when the bankruptcy stay is lifted, and shall file a status report regarding the status of the bankruptcy proceedings **six months from the date of the Damages Hearing** if the bankruptcy stay has not been lifted by that time.

SO ORDERED: 6/26/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

By US Mail:
Michael A. Clark
2390 W. Main Street
Greenfield, IN 46140

4